Argued June 4, affirmed September 10, 1973

KINSEY, *Appellant, v.* TRANSAMERICA INSUR-
ANCE COMPANY, *Respondent-Cross Appellant.*

513 P2d 790

*Paul T. Bailey,* Portland, argued the cause for appellant. On the briefs were Bailey, Doblie, Ceniceros & Bruun and Joseph F. Ceniceros, Portland.

*Austin W. Crowe, Jr.,* Portland, argued the cause for respondent-cross appellant. With him on the briefs were Cosgrave & Kester, Portland.

TONGUE, J.

This is an action by the insured under a fire insurance policy to collect the difference between the amount paid by an insurance company as the "actual cash value" of the insured property, which was totally destroyed by fire, and the face amount of the policy. The case was tried before the court, sitting without a jury. Plaintiff appeals from an adverse judgment, based upon general findings of fact in favor of defendant. We affirm.

The insurance policy included standard provisions to the effect that only the "actual cash value" of the property was payable in the event of total loss unless the house was rebuilt and replaced. The face amount of the policy was $12,000. After the fire a proof of loss was prepared by defendant's adjuster and

signed by plaintiff, stating that "The Actual Cash Value of said property at the time of the loss was $9,000," and that "The Amount Claimed under the above numbered policy is $9,000."

The sum of $9,000 was then paid by defendant to plaintiff, who attempted to arrange financing for the rebuilding and replacement of the house, but was unable to do so. He then demanded payment of an additional $3,000, representing the difference between the amount paid and the face amount of the policy. Upon defendant's refusal to do so this action was filed.

■ Plaintiff's primary contention is that the trial court erred in holding that plaintiff and defendant agreed upon $9,000 as the amount of the "actual cash value" of the destroyed property.[1] Thus, the controlling issue to be decided in this case, as stated by plaintiff, is whether there is substantial evidence in the record to support the finding by the trial court that the parties agreed upon that amount.[2]

Upon examining the entire record we find that although there was a direct conflict of testimony on that issue, there was substantial evidence to support that finding.

First of all, defendant's adjuster testified that although he prepared the proof of loss form, including the figure of $9,000 as the "actual cash value" of the

[1] This contention is stated as an assignment of error. As such, however, it fails to satisfy the requirements of Rule 2.35, Rules of Procedure, Supreme Court of Oregon.

[2] Although there were no specific findings of fact as such, the trial court in a written opinion stated that "He [plaintiff] was paid the actual cash value as agreed with adjuster." Plaintiff conceded on trial that "If the $9,000 was actual cash value when it was paid to Mr. Kinsey [he is] through."

destroyed property, he explained to plaintiff "what the actual cash value was," and "what that [the "figure" of $9,000] was made up of"; that after he made that explanation "we agreed"; and that plaintiff signed the proof of loss.

■ Plaintiff denied that he agreed upon the sum of $9,000 as the "actual cash value." There was also testimony that defendant's adjuster arrived at that sum by incorrect and improper methods. However, the possible application of incorrect and improper methods of computation would not of itself require a different resolution of the issue to be decided in this case—whether the parties agreed upon $9,000 as the "actual cash value."

No contention was made by plaintiff that any such agreement should be rescinded because of mistake, much less that any such agreement was procured by misrepresentation. The only question is whether there was any substantial evidence to support the finding that there was such an agreement. The testimony of defendant's adjuster that the parties so "agreed" was evidence which supports that finding.

■ We next consider whether the proof of loss is of itself evidence of an agreement by plaintiff that $9,000 was the "actual cash value" of the property, as stated in the proof of loss which he signed and submitted to defendant. We have previously held that although a proof of loss is not necessarily binding upon the insured, it is prima facie evidence of the facts stated therein. *Fagerlie v. New York Life Ins. Co.*, 129 Or 485, 493-94, 278 P 104 (1929). See also 19 Couch on Insurance 2d 589-94, § 79:290 (1968).; 3 Appleman, Insurance Law and Practice 147-150, § 1471 (1941).

Plaintiff says that under the rule of *Fagerlie* a

statement in a proof of loss is not "binding" if contradicted or explained and that defendant's adjuster "contradicted the figures in the proof of loss when he testified that he intentionally left out several components of the house in arriving at the replacement value of the premises," from which he deducted 25 per cent for depreciation in arriving at $9,000 as the "actual cash value."

Assuming this to be true, the question in this case is not whether the proof of loss was "binding" upon plaintiff, but whether under the facts of this case it constitutes evidence, even though contradicted and explained, in support of the finding by the trial court that the parties, including plaintiff, agreed upon $9,000 as the "actual cash value." We hold that it was and that any such "contradictions and explanation" did not, under the facts of this case, completely destroy all of the probative weight which the trial judge might have given to that evidence.

■ Finally, there is the evidence that plaintiff accepted payment of the sum of $9,000 and did not deny that it represented the "actual cash value," at least for several months. Again, plaintiff testified that he understood that he could still claim payment of the additional $3,000. Nevertheless, the acceptance of the payment of $9,000 and the failure for some months to object to its correctness is evidence which also supports the finding that plaintiff had previously agreed that $9,000 was the "actual cash value" of the premises, despite other explanatory and contradictory evidence.

In this case there was a direct conflict of testimony on the question whether the parties agreed upon $9,000 as the "actual cash value" of the premises. Plaintiff offered evidence which, depending upon the

credibility and weight to be given to such evidence, might well have supported a finding that there was no such agreement. Nevertheless, because it was the exclusive function of the trier of the fact to determine the credibility and weight to be given to such testimony and because we find, upon examining the entire record, that there was substantial evidence to support the finding by the trial court on this decisive issue, we must affirm the judgment of the trial court.